945 F.2d 418
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard C. SOEHNGEN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3256.
 United States Court of Appeals, Federal Circuit.
 Sept. 26, 1991.
Rehearing Denied Oct. 24, 1991.
 
 Before ARCHER, MICHEL and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Richard C. Soehngen received a two year Presidential Management Intern (PMI) appointment. His appointment was later extended one year. When the appointment expired, the Office of Personnel Management (OPM) did not further extend Soehngen's employment. Soehngen appealed to the Merit Systems Protection Board (MSPB or Board). The MSPB concluded that the decision to allow a term appointment to expire was not an appealable adverse action within the Board's jurisdiction. We affirm.
 
 OPINION
 
 2
 Soehngen argues that he had a reasonable expectation of continued employment, beyond the termination date of his PMI appointment. Soehngen concludes that OPM's failure to continue his employment was an adverse action appealable to the MSPB.
 
 
 3
 It is true that the OPM directions and regulations cited by Soehngen are not crystal clear in expressing their intent or application. However, the interpretation urged by Soehngen would, regarding MSPB jurisdiction, treat an extension of a PMI appointment for a third year as though the extension itself created a permanent employment position. The record demonstrates that the MSPB has consistently rejected this argument. See also 5 U.S.C. § 7512 (1988); 5 C.F.R. § 752.401(b)(11) (1991).
 
 
 4
 The legal standard by which the Federal Circuit reviews decisions of the MSPB is that a decision must be affirmed unless it is found to be:
 
 
 5
 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 6
 2) obtained without procedures required by law, rule or regulation having been followed; or
 
 
 7
 3) unsupported by substantial evidence.
 
 
 8
 See 5 U.S.C. § 7703. In light of this standard of review and of the facts in this case, we have no doubt that the Board's decision must be and is hereby affirmed.